Adele Knits, Inc., Respondent,
against
Oxygen, Inc., Appellant.



Appeal from an order of the District Court of Nassau County, First District (Douglas J. Lerose, J.), dated September 21, 2013. The order denied defendant's motion to vacate a default judgment. The appeal from the order dated September 21, 2013 brings up for review so much of an order of the same court dated September 30, 2014 as, upon, in effect, reargument, adhered to the prior determination (see CPLR 5517 [b]).




ORDERED that the appeal from the order dated September 21, 2013 is dismissed, as that order was superseded by the order dated September 30, 2014 made upon, in effect, reargument; and it is further,
ORDERED that the order dated September 30, 2014, insofar as reviewed, is reversed, without costs, upon reargument, the order dated September 21, 2013 is vacated, and the matter is remitted to the District Court for a new determination, following a traverse hearing, of defendant's motion to vacate the default judgment.
In this breach of contract action to recover the principal sum of $4,154.77, defendant failed to appear, and plaintiff was granted a default judgment. Defendant thereafter moved to vacate the default judgment on the ground of improper service. By order dated September 21, 2013, the District Court denied the motion. Upon, in effect, granting the branch of defendant's subsequent motion seeking leave to reargue its prior motion, the District Court, by order dated September 30, 2014, adhered to its prior determination. On appeal, defendant argues that it is entitled to a traverse hearing to determine whether service of the summons and complaint was effectuated in accordance with CPLR 311 (a) (1).
CPLR 311 (a) (1) provides that personal service upon a corporation, foreign or domestic, shall be made by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." Under appropriate circumstances, service on other employees will be upheld where the process server makes proper inquiry of a defendant's employee and delivers the summons in accordance with his or her direction (see Fashion Page v Zurich Ins. Co., 50 NY2d 265, 271-273 [1980]). 
Plaintiff's affidavit of service on defendant corporation alleges that the summons and complaint were served upon " John Smith' managing agent" at defendant's corporate address, which, prima facie, established proper service upon the corporate defendant (see CPLR 311 [a] [1]; Matter of Hanover Ins. Co. v Cannon Express Corp., 1 AD3d 358, 359 [2003]). However, in [*2]support of the motion to vacate the default judgment, defendant's two officers submitted affidavits wherein they alleged that neither of them had accepted service on defendant's behalf. In addition, an affidavit was submitted by defendant's only other male employee, wherein he also denied receipt of the papers. This sufficed to warrant a traverse hearing (see Congregaton Abath Achim v Radsminsky, 26 Misc 3d 145[A], 2010 NY Slip Op 50448[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]).
Accordingly, the order dated September 30, 2014, insofar as reviewed, is reversed, upon reargument, the order dated September 21, 2013 is vacated, and the matter is remitted to the District Court for a new determination, following a traverse hearing, of defendant's motion to vacate the default judgment.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: January 25, 2017